**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **HORSEMEN'S BENEVOLENT & PROTECTIVE ASSOCIATION – OHIO DIVISION, INC.,** : : : : : | Case No. 2:20-cv-6471 |
| **Plaintiff,** : : | Chief Judge Algenon L. Marbley |
| v. : : | Magistrate Judge Kimberly A. Jolson |
| **BELTERRA PARK,** *et al.***,** : : | |
| **Defendants.** : | |

## OPINION & ORDER

This matter comes before the Court on Defendants' Motion to Stay Briefing (ECF No. 34), together with Plaintiff's opposition thereto (ECF No. 37).

Defendants seek a stay of briefing on Plaintiff's pending Motion for Summary Judgment (ECF No. 31) until the Court resolves Defendants' Motion to Certify a Question of State Law to the Supreme Court of Ohio (ECF No. 33). For context, Plaintiff's summary judgment motion argues that this case turns on "simple legal question": whether O.R.C. § 3769.087(C) requires Defendants to make "true-up payments" on video lottery terminal commissions. (ECF No. 31 at 9–10). Defendants have not responded to the summary judgment motion; rather, they moved to certify the same question—which this Court acknowledged is one "of first impression" (ECF 24 at 1)—to the Ohio Supreme Court. (ECF No. 33 at 1). Concurrently, Defendants filed their stay motion, reasoning that "[a] stay of briefing would promote judicial economy and allow for potentially dispositive matters to resolve the litigation without needless[] briefing of Plaintiff's Motion for Summary Judgment." (ECF No. 34 at 3).

1

What Defendants have overlooked, however, is that full summary judgment briefing could aid the Court in adjudicating the Motion to Certify. Certification is not a foregone conclusion: "Its use in a given case rests in the sound discretion of the federal court." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). While certification can serve to reduce overall delay by procuring authoritative answers on state law, Plaintiff notes that the process can take a year or longer to resolve. (ECF No. 37 at 3–4 (citing Cochran, *Federal Court Certification of Questions of State Law to State Courts: A Theoretical and Empirical Study*, 29 J. Legis. 157, 217 (2002–2003)). Whether to certify is an important decision that should be made after consideration of *all* available information—including Defendants' position on how O.R.C. § 3769.087(C) should be construed.

As Plaintiff states in its opposing brief, the cases Defendants have cited in support of a stay have a different procedural posture. In both *Schwering* and *Foley*, the district court stayed the case *after* deciding to certify a question to the Ohio Supreme Court. *See Schwering v. TRW Vehicle Safety Sys., Inc.*, 2012 WL 1805494, at *2 (S.D. Ohio May 17, 2012); *Foley v. Univ. of Dayton*, 2015 WL 8278474, at *9 (S.D. Ohio Dec. 7, 2015). Neither stayed the briefing of a dispositive motion while the court considered *whether* to certify. Given this difference, Defendants' request appears premature.

In all, the Court is not persuaded that a stay of summary judgment briefing serves judicial economy. The preferable course is to adjudicate the Motion to Certify with the benefit of full briefing on the Motion for Summary Judgment; then, if certification is granted, to stay the case pending an answer from the Ohio Supreme Court. Accordingly, Defendants' Motion to Stay Briefing (ECF No. 34) is **DENIED**, and the temporary stay ordered by the Magistrate Judge (ECF No. 35) is **LIFTED.** Defendants shall file their response to Plaintiff's Motion for Summary

Judgment within **seven days** of this Order. Plaintiff will have the standard fourteen days to file its reply, per Local Rule 7.2(a)(2).

    **IT IS SO ORDERED.**

_____<br>
**ALGENON L. MARBLEY**<br>
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  September 12, 2022**